IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as TRUSTEE FOR MFRA TRUST 2015-2 | § § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:20-CV-254-H-BQ |
| v. | § § § | |
| MARIA MARTINEZ, *et al.* | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By order dated February 26, 2021 (ECF No. 17), United States District Judge James Wesley Hendrix referred for recommendation Plaintiff's Motion for Attorney's Fees. ECF No. 16. Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge **GRANT** Plaintiff's motion as follows.

## I.    Background

On October 26, 2020, Plaintiff Wilmington Trust, National Association, not in its individual capacity but solely as trustee for MFRA Trust 2015-2, filed this action against Defendants,[1] seeking foreclosure on real property located at 910 South 11th Street, Slaton, Texas 79364 (Property). Compl. 3–4. On November 25, 2020, Plaintiff asked the Clerk to enter default against Defendants and concurrently filed a Motion for Default Judgment. ECF Nos. 10, 11. Plaintiff also requested an award of reasonable attorney's fees and costs under Texas Civil Practice

---

[1] Defendant Maria and Decedent Benancio Alcorta executed the relevant loan agreement. Compl. 3–4, ECF No. 1; Compl. Ex. A, ECF No. 1-1. Benancio passed away on July 12, 2020, and, according to Plaintiff, no probate was opened for his estate. Compl. 5. His heirs, Defendants Maria, Rita, Justino, and John thus acquired all of Benancio's interest in the property upon his death under Texas Estates Code §§ 101.001(b) and 101.051. *Id.*

and Remedies Code Chapter 38, as well as under the terms of the loan documents executed by Defendants. Compl. 9; Mot. for Default J. 4–5, ECF No. 11.

On February 19, 2021, the Court entered default judgment against Defendants. ECF No. 15. It "awarded [Plaintiff] attorney's fees and costs," to "be determined by a subsequent motion filed pursuant to Federal Rule of Civil Procedure 54(d)(2)." *Id.* at 2. The same day, Plaintiff filed its motion for attorney's fees. ECF No. 16. The motion is now ripe for recommendation.

## II.   Analysis

Plaintiff moves for attorney's fees under the terms of the note and security instrument and Federal Rule of Civil Procedure 54(d)(2). Mot. 2, ECF No. 16; *see* Compl. Ex. A, at 4; Compl. Ex. B, at 18, ECF No. 1-1.[2]

### A. Standard of Review

Rule 54 states that, unless a statute or court order provides otherwise, a motion for attorney's fees must:

> (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). In a diversity case such as this, Texas law applies to an award of attorney's fees. *See generally Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."). "Texas law permits recovery of attorney's fees under mortgage contracts." *Wells Fargo Bank Nat'l Ass'n, as Tr. for Option One Mortg. Loan Tr. 2007-FXD2, Asset-Backed Certificates, Series 2007-FXD2 v. Platt*, Case No. 3:17-cv-02106-N (BT), 2020 WL 4340953, at

---

[2] Page citations to the Complaint's exhibits refer to the electronic page number assigned by the Court's electronic filing system.

*1 (N.D. Tex. May 27, 2020) (citing *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014)); *see* Tex. Civ. Prac. & Rem. Code § 38.001(8). The Fifth Circuit has expressly held "that motions for attorney's fees provided by [mortgage] contract are permissible under Rule 54(d)(2)." *Richardson*, 740 F.3d at 1040.

> Here, the security instrument provides:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

Compl. Ex. B, at 18. The note further states that in the event of a default, Plaintiff possesses "the right to be paid back by [borrowers] for all of its costs and expenses in enforcing th[e] Note . . . ." Compl. Ex. A, at 4. Plaintiff is therefore authorized to recover attorney's fees under the note and security instrument. *See, e.g.*, *U.S. Bank Nat'l Ass'n, as Tr. for Residential Asset Secs. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, Civil Action No. 3:17-CV-1704-L (BH), 2018 WL 6738044, at *2–3 (N.D. Tex. Oct. 15, 2018) (recommending award of attorney's fees under Texas law as provided in the note and security instrument).

### B. Lodestar Calculation

Plaintiff seeks a post-judgment award of $2,483.00 in reasonable and necessary attorney's fees. Mot. 1. Courts use the "lodestar method" to calculate the amount of reasonable attorney's fees. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *see Platt*, 2020 WL 1692963, at *2 (calculating an award of attorney's fees under a mortgage contract using the lodestar method). The lodestar figure is calculated by multiplying the number of hours an attorney

3

reasonably spent on the case by an appropriate hourly rate, i.e., the market rate in the community for such work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The court may use its own expertise and judgment in making an appropriate independent assessment of the hourly rates charged for the attorney's services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

The party seeking a fee award bears the burden of establishing the amount of fees and reasonableness of such fees. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). The lodestar amount is presumed reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Because the lodestar figure is strongly presumed to be reasonable, courts should only modify it in exceptional cases. *See Watkins*, 7 F.3d at 457.

"Determinations of hours and rates are questions of fact." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citing *Bode*, 919 F.2d at 1047). "[C]ourt[s] must determine whether the hours claimed were reasonably expended on the litigation." *Id.* (citation and internal quotation marks omitted). To determine the reasonable number of hours expended, "[t]he party seeking attorneys' fees must present adequately documented time records to the court." *Watkins*, 7 F.3d at 457. "[T]he documentation must be sufficient for the court to verify that the applicant has met its burden." *La. Power & Light Co.*, 50 F.3d at 324. "If a party does not object to particular billing entries as inadequately documented," however, "the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing."

4

*Hoffman v. L & M Arts*, Civil Action No. 3:10–CV–0953–D, 2015 WL 3999171, at \*5 (N.D. Tex. July 1, 2015) (citations omitted). "It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Id.*

To determine whether the moving party has met its burden regarding the reasonableness of the attorney's hourly rate, a court typically "receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individual's litigation skills generally." *S & H Indus., Inc. v. Selander*, Civil No. 3:11–CV–2988–M–BH, 2013 WL 6332993, at \*2 (N.D. Tex. Dec. 5, 2013) (citation omitted). Moreover, the fee applicant must show "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience— as the prevailing market rate." *Blum*, 465 U.S. at 895 n.11.

Plaintiff is represented in this matter by Mackie Wolf Zientz & Mann, P.C. (MWZM) of Dallas, Texas. In support of its motion for attorney's fees, Plaintiff submits the resume and Declaration of Johnathan C. Smith, an associate attorney at MWZM, who declares the following: (1) he is licensed to practice in the State of Texas; (2) he has considered the difficulty of the issues presented, the experience and ability of the attorneys, the skills required to properly pursue this action, the customary charges and awards in similar cases, and the amount in controversy; and (3) that the hourly rates of the firm's attorneys and paralegals are reasonable and consistent with rates charged by comparable firms when prosecuting claims for the enforcement of a party's interest in certain real property as a result of a borrower's default under a loan agreement. Mot. Ex. A, at 1–3, ECF No. 16-1; Mot. Ex. A-1, ECF No. 16-1. Plaintiff also submits billing invoices to evidence MWZM's billing rates and the number of hours expended by MWZM in this matter.

Mot. Ex. A-2, at 11–21, ECF No. 16-1. The invoices indicate that MWZM charged 9.4 hours for

Mr. Smith at $175 per hour, 1 hour for senior attorney Mark D. Cronenwett at $175 per hour, and

7.8 hours for the work of two paralegals at $85 per hour, totaling at $2,483.00. *See id.*

The undersigned finds that MWZM's rates are reasonable and consistent with those

charged within the Northern District of Texas. *See generally Vanliner Ins. Co. v. DerMargosian*,

Civil Action No. 3:12–CV–5074–D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting

that the Court is an expert on the reasonableness of attorney's fees). And after reviewing Mr.

Smith's declaration as well as the supporting invoices, the Court finds the time MWZM expended

is reasonable. *See McCormick*, 2018 WL 6738044, at *3 (observing that under Texas law,

plaintiff's declaration, which stated hourly rate was reasonable based on skills and experience and

that fees were reasonable and necessary, was "legally sufficient for an award of attorneys' fees"

(internal quotation marks omitted)). There is no indication that billing was "excessive, duplicative,

or inadequately documented." *Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (citation

omitted); *accord Vickers v. Luschak*, CIVIL ACTION NO. 3:17-CV-3521-B, 2018 WL 3036559,

at *4–5 (N.D. Tex. June 19, 2018).

Accordingly, the district judge should grant Plaintiff's request for $2,483.00 in attorney's

fees.[3] *See Mot.* 1.

## C. Costs of Litigation

Plaintiff also seeks "costs in the amount of $1,437.69 in filing and prosecuting Plaintiff's

claims." *Id.* Specifically, the invoices show: (1) a $400 filing fee; (2) that MWZM employed a

---

[3] Plaintiff also estimates that "[i]f any parties file a post-judgment motion, a reasonable fee for Plaintiff would be $2,500.00" and if the case were to be appealed, "a reasonable fee for the Plaintiff would be an additional $5,000.00." ECF No. 16-1, at 3. To the extent Plaintiff seeks an award for future legal fees, the undersigned recommends that the United States District Judge decline to conditionally award attorney's fees for prospective actions in this matter because there is no indication that later litigation is likely. *See Am. States Ins. Co. v. Arete Real Est. & Dev.*, Civil Action No. 3:08–CV–306–O, 2009 WL 854836, at *5–6 (N.D. Tex. Mar. 30, 2009).

private investigator to research the heirs of the decedent incurring a $297.69 fee; and (3) process

server charges at $185 for each of the four Defendants. Mot. Ex. A-2, at 11, 13.

"The award of costs is largely controlled by statute." *Studiengesellschaft Kohle mbH v.*

*Eastman Kodak Co.*, 713 F.2d 128, 132 (5th Cir. 1983). A court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in
> the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the
> copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries,
> fees, expenses, and costs of special interpretation services under section 1828 of
> this title.

28 U.S.C. § 1920. "The Supreme Court has indicated that federal courts may only award those

costs articulated in section 1920 absent explicit statutory or contractual authorization to the

contrary." *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987)); *accord Coats v. Penrod*

*Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (noting that "a district court may decline to award

the costs listed in the statute but may not award costs omitted from the list"). "Taxable costs are

limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of

the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators,"

such that "costs almost always amount to less than the successful litigant's total expenses in

connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citation

omitted). Simply put: "taxable costs are limited by statute and are modest in scope." *Id.*

As noted above, Plaintiff seeks the following court costs: (1) $400 filing fee; (2) $297.69

private investigator payment; and (3) $740 process server charges. Mot. Ex. A-2, at 11, 13. Filing

and docketing "fees are specifically authorized by statute and therefore taxable as court costs."

*Hartnett v. Chase Bank of Tex. Nat'l Ass'n*, No. 3–98–CV–1061–L, 1999 WL 977757, at *2 (N.D. Tex. Oct. 26, 1999). Accordingly, the undersigned recommends that the district judge grant Plaintiff's request for reimbursement of the $400 filing fee.

Private investigator fees, however, are not expressly recoverable under § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (vacating cost award and remanding where district judge authorized reimbursement for, inter alia, private investigator expenses); *San Jacinto Sav. & Loan v. Kacal*, No. 92-1833, 1993 WL 455886, at *1 (5th Cir. Oct. 27, 1993) ("The district court did not abuse its discretion by refusing to award costs not listed in Section 1920," including "private investigator fees"). Thus, Plaintiff cannot recover for the investigator's fees "absent explicit statutory or contractual authorization to the contrary." *Mota*, 261 F.3d at 529. As Plaintiff's counsel notes, however, the loan contract provides for recovery of expenses incurred in pursuit of foreclosure. *See* Compl. Ex. A, at 4. Specifically, the provision authorizes recovery of "all . . . costs and expenses in enforcing [the] Note to the extent not prohibited by applicable law . . . ." *Id.* The parties' contract, therefore, authorizes reimbursement for the private investigator's charges. This is especially so where the location of the decedent's heirs was a reasonably necessary cost of litigation. *See Quintero v. Loera Barba*, Civil Case No. 5:19-148, 2019 WL 3604615, at *2 (W.D. Tex. Aug. 6, 2019) (awarding private investigator costs where the court's "independent review" did not reveal "any expenses not reasonably necessary"), *appeal dismissed*, 2019 WL 8219509 (5th Cir. Oct. 11, 2019).

Similarly, there is some question as to whether the process server fees are recoverable. Plaintiff's billing record shows process server charges in the amount of $185.00 for each of the four Defendants. *See* Mot. Ex. A-2, at 13. And the proof of service forms accompanying the executed summonses indicate service by a "Bryan Tubbs"—i.e., a private process server. *See* ECF

8

Nos. 6, 7, 8, 9. Generally, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920" because the statute only authorizes recovery of "[f]ees of the clerk and marshal." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010); *accord Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. ex rel. Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997) ("As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs.").

Nevertheless, this District, and others within the Circuit, have allowed for recovery of private process server fees in the amount that would have been charged by the U.S. Marshals Service. *See Poliner v. Tex. Health Sys.*, CIVIL ACTION NO. 3:00-CV-1007-P, 2007 WL 9711573, at *1 (N.D. Tex. Mar. 5, 2007) ("Recognizing that most service today is accomplished by private process server rather than the marshal, this Court [holds] . . . that private process server fees are recoverable to the extent that service costs would have been incurred had the marshal effected service."); *see also Ibarra v. BP Expl. & Prod. Inc.*, Civil Action No. H-19-2898, 2020 WL 6585691, at *2 (S.D. Tex. Nov. 10, 2020); *Structural Metals, Inc. v. S & C Elec. Co.*, Civil Action No. SA–09–CV–984–XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013); *Cashman Equip. Corp. v. Smith Marine Towing Corp.*, Civil Action No. 12–945, 2013 WL 12229038, at *12 (E.D. La. June 27, 2013), *R. & R. adopted by* 2013 WL 12228976 (E.D. La. July 12, 2013); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011); *Ill. Cent. R.R. Co. v. Harried*, Civil Action No. 5:06cv160–DCB–JMR, 2011 WL 283925, at *1–2 (S.D. Miss. Jan. 25, 2011); *Ninan v. Hosp. Partners of Am., Inc.*, Civil Action No. H–07–2095, 2009 WL 10692726, at *2 (S.D. Tex. Mar. 13, 2009); *Denner v. Tex. Dep't of Crim. Just.*, Civil Action No. SA-05-CA-184-XR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007).

In accord with this line of authority, and because the contract authorizes the recovery of such costs, the district judge should award Plaintiff the amount that would have been charged by a marshal for service, which is currently $65 per hour. *See* 28 C.F.R. § 0.114(a)(3). Plaintiff does not provide documentation as to the hours expended and thus, the Court recommends a recovery of $260—one hour for each party served. *See* ECF Nos. 6, 7, 8, 9.

### III.    Recommendation

For these reasons, the undersigned recommends that the United States District Judge **GRANT** Plaintiff's Motion for Attorney's Fees (ECF No. 16) and award $2,483.00 in attorney's fees and $957.69 in court costs.

### IV.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April **14**, 2021

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**